IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CRISTIAN AVILA DE LA ROSA )
)
)
*Petitioner*, )
)
) No.  20 C 4449
v. )
)
BILL PRIM, *et al.*, ) Judge Virginia M. Kendall
)
*Respondent*. )
)

## MEMORANDUM OPINION AND ORDER

Petitioner Cristian Avila de la Rosa has filed a writ of habeas corpus under 28 U.S.C § 2241 claiming that he is being unlawfully detained by authorities while the appeal of his removal order is pending before the Seventh Circuit.  [Dkt. 1].  Because Petitioner's detention is justified and lawful, his petition is denied.

## BACKGROUND

Petitioner is a native and citizen of Mexico who entered the United States without authorization in 2008.  (Dkt. 1 ¶ 11).  Petitioner is detained at McHenry County Jail in Woodstock, Illinois.  (*Id.*)  Petitioner has a criminal history, including being charged with disorderly conduct for pushing his then-girlfriend in 2012, another violation for battery after violently abusing a woman in 2017, and a charge for Second-Degree Sexual Assault in July 2018.  (Dkt. 9 at 1–2). After this charge, Petitioner was released on bond by the state court in August 2018.  (*Id.*). Immigration and Customs Enforcement ("ICE") then took petitioner into custody and placed him in removal proceedings.  (*Id.*).  On October 2, 2018, ICE transferred Petitioner to state custody, pending his criminal case and his removal proceeding was terminated without prejudice on

1

February 22, 2019, because he remained in state custody.  (*Id.*).  On May 1, 2019, Petitioner pled guilty to an amended charge of disorderly conduct and was sentenced to 90 days in jail.  (*Id.* at 2–3).

On May 6, 2019, Petitioner was transferred back to ICE custody and the Department of Homeland Security ("DHS") issued Petitioner a Notice to Appear ("NTA") before an immigration judge in Chicago to respond to the charge that he is removable, pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), for having entered the United States without being admitted or paroled.  (*Id.*).  The NTA stated that the date and time of Petitioner's immigration hearing was to be set later.  (*Id.*).  The DHS subsequently declined Petitioner's request for bond on account of his criminal history, pursuant to 8 U.S.C. § 1226(a).  (*Id.*).

On June 12, 2019, the immigration judge ("IJ") denied Petitioner's request for custody redetermination after finding he was a danger to the community, a decision that Petitioner did not seek review of before the Board of Immigration Appeals ("BIA").  (*Id.* at 3–4).  The immigration court sent Petitioner a hearing notice and he appeared with counsel on July 12, 2019.  (*Id.*).  Petitioner requested that the IJ terminate his removal based on the defective NTA, but the IJ denied this.  (*Id.*).  Petitioner conceded to the charge of removability and the IJ found Petitioner removable as charged.  (*Id.*).

On August 14, 2019, Petitioner filed an application for cancellation of his removal and had a hearing before the IJ on October 21, 2019.  (*Id.* at 4).  On October 22, 2019, the IJ denied Petitioner's application for relief from removal because Petitioner failed to show that his removal would result in exception and extremely unusual hardship to Petitioner's sons who are United States citizens, and in the alternative, as a matter of discretion.  (*Id.*).  The BIA dismissed Petitioner's appeal on May 8, 2020.  (*Id.*).  The Board adopted and affirmed the IJ's determination

that Petitioner did not establish the hardship requirement for his sons to merit cancellation of removal and rejected his argument on appeal that termination of his proceedings was warranted because of his deficient NTA. (*Id.*). The Board credited Petitioner's arguments that he made a timely objection to the adequacy of his NTA but found termination of proceedings was unwarranted because Petitioner received a hearing notice and appeared as ordered. (*Id.*). Petitioner has filed a petition that is pending before the Seventh Circuit seeking review of the BIA's decision. (*Id.*; *see Avila De La Rosa v. Barr*, No. 20-1956). On June 17, 2020, the Seventh Circuit stayed Petitioner's removal until final adjudication of his appeal. (Dkt. 1 ¶ 20).

## **DISCUSSION**

Petitioner brings three claims: a procedural due process claim as applied to individuals with viable legal defenses to removal, a procedural due process claim as applied to individuals subjected to prolonged detention, and a substantive due process claim stating that there is no reasonable relation between his detention and the fact that he is allegedly not likely to be removed. However, Petitioner's claims fail because Petitioner is being lawfully detained and because his detention is justified.

It is undisputed that "detention during deportation proceedings is a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523 (2003). The authority to detain Petitioner is under 8 U.S.C. § 1226(a), which authorizes the government to release the non-citizen on bond or conditional parole. *See id.* at 527–28 (stating that Section 1226(a) governs detention of deportable aliens pending their removal proceedings). While the Fifth Amendment entitles non-citizens to Due Process of law in deportation proceedings, the detention of non-citizens pending their removal proceedings "necessarily serves the purpose of preventing deportable criminal aliens from fleeing prior to or during their removal proceedings, thus

increasing the chance that, if ordered removed, the aliens will be successfully removed." *Id.* at 528.

Petitioner attempts to argue that his detention is unjustified. He points to dicta in *Gonzalez v. O'Connell* that states that Due Process requirements are heightened where a non-citizen has a good-faith challenge to removability under a provision of § 1226 not at issue in this case. 355 F.3d 1010, 1020–21 (7th Cir. 2004) ("A wholly different case arises when a detainee who has a good-faith challenge to his deportability is mandatorily detained under § 1226(c)"). Here, however, Petitioner does not have such a good-faith challenge. Petitioner has acknowledged that he is removable. (Dkt. 9 at 3). His challenge to his present detention is that he was not presented fair notice, an issue presently before the Seventh Circuit, not that he is not deportable. It is undisputed that Petitioner has a serious criminal background and has a failed to appear before the state court for his plea and sentencing hearings in March 2018, therein justifying his detention under § 1226(a). (Dkt. 1 ¶ 14; Dkt. 11 at 6[1]; *see also Nielsen v. Preap*, 139 S.Ct. 954, 959 (2019) (a non-citizen may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community). Even if the Seventh Circuit had held that a good-faith challenge to any subsection of § 1226 could justify release, Petitioner would not qualify since he has not presented a good-faith challenge to the fact that he is removable. His good-faith challenge is to his NTA. As the Government points out, it is inevitable that Petitioner will be removed, and while he has been detained for approximately one year as he awaits the determination on his NTA challenge, he has presented no arguments that he has a good-faith challenge to his deportability.

---

[1] Petitioner acknowledges that he failed to appear but asks the Court to ignore this history because he appeared in court five days later. (Dkt. 11 at 6). That he appeared later does not change the fact that he initially did not appear.

**CONCLUSION**

Because Petitioner Avila de la Rosa's detention is justified, the Court denies his § 2241 petition.  [Dkt. 1].


_____
Virginia M. Kendall
United States District Judge

Date: November 29, 2020